To the extent petitioners sought to reopen removal proceedings, the BIA did not abuse its discretion in denying petitioners' motion, because it exceeded the one-mo-

tion limit, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners did not demonstrate a material change in circumstances in Mexico, *see* 8 C.F.R. § 1003.2(c)(3)(ii). Petitioners' reliance on *Khourassany v. INS,* 208 F.3d 1096, 1099 & n. 2 (9th Cir.2000) is misplaced. In that case, the time and number limits for motions to reopen did not apply because petitioner had been ordered deported before March 22, 1999. *See* 8 C.F.R. § 1208.18(b)(2).

To the extent petitioners sought reconsideration, the BIA did not abuse its discretion in denying petitioners' motion, because it was filed more than 30 days after the BIA's previous order. *See* 8 C.F.R. § 1003.2(b)(2).

**PETITION FOR REVIEW DENIED.**

Erasmo **PEREZ–AGUADO,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–76142.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006 *.

Filed Dec. 27, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Dennis McCaffrey, Esq., Attorney at Law, Salem, OR, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

MEMORANDUM **

Erasmo Perez–Aguado, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") decision denying his application for cancellation of removal. To the extent we have jurisdiction, it is con-

ferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). We dismiss in part, deny in part and grant in part the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that Perez–Aguado failed to show exceptional and extremely unusual hardship. *See id.* at 930.

Perez–Aguado's contention that the agency deprived him of due process by misapplying the law to the facts of his case is not colorable. *See id.* ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001) (holding that the "misapplication of case law" may not be reviewed).

We are not persuaded by Perez–Aguado's contention that the IJ violated due process by excluding certain evidence, relying on evidence not in the record, acting as an expert witness, and failing to be impartial and objective, because the proceedings were not "so fundamentally unfair that he was prevented from reasonably presenting his case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, Perez–Aguado failed to demonstrate prejudice. *See id.* (requiring prejudice to prevail on a due process challenge).

We lack jurisdiction to evaluate whether streamlining was appropriate. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 854 (9th Cir.2003).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the agency for further proceedings regarding voluntary departure.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**